RECEIVED
IN LAKE CHARLES, LA.

MAY 24 2010

TONY R. MOORE, CLERK
BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20132-001 |
| VS. | : | JUDGE MINALDI |
| ANDREW SMITH, JR. | : | MAGISTRATE JUDGE KAY |

#### MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence [doc. 53] pursuant to 28 U.S.C. §2255. The Government filed a Answer [doc. 61] and the defendant filed a reply on April 28, 2010 [doc. 62].

Andrew Smith, Jr. ("Smith") alleges his counsel was ineffective by: 1) failing to discover that the charge in Count 1 of the Indictment was a misdemeanor, not a felony, and therefore could not be used as a predicate drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1)(A)(iii); and 2) failing to inform the defendant that acceptance of responsibility did not apply to §924(c) offenses.

#### PROCEDURAL HISTORY

Smith was indicted in a four-count indictment. On December 14, 2006, Wayne Blanchard ("Blanchard") of the Federal Public Defender's Office was appointed to represent the defendant. Blanchard represented Smith at initial appearance and arraignment. Blanchard filed several pretrial motions.

On February 8, 2007, Gregory D. Lyons ("Lyons") enrolled as counsel for the defendant. Lyons filed additional pretrial motions and represented Smith at the Rule 11 hearing. On July 16,

2007, while represented by Lyons, Smith entered a plea of guilty to Count 3 of the Indictment. Count 3 charged Smith with knowingly using, carrying and discharging a firearm during and in relation to a felony drug trafficking crime as defined in 18 U.S.C. § 924 (c)(1)(D)(ii), namely possession of crack cocaine. Smith had previously been convicted of a drug offense under 21 U.S.C. § 844(c) as described in Count I. The defendant executed a written plea agreement, affidavit of understanding, factual basis for the guilty plea, elements of the offense and an agreement to abandon property.

On August 28, 2007, Lyons was suspended from the practice of law and the defendant was notified to retain new counsel. On September 18, 2007, Blanchard was reappointed to represent Smith at sentencing and he filed the notice of appeal.

The sentencing hearing was held on October 15, 2007. At that hearing, testimony of the officer at whom the defendant fired the gun was introduced. The court rescheduled the hearing for the taking of additional evidence. At the subsequent hearing on October 25, 2007, additional argument was offered by both the Government and the defense. The hearing was again continued to hear testimony from an expert concerning the manner in which the firearm was discharged. On November 2, 2007, the court heard expert testimony and subsequently sentenced Smith to a fifteen-year term of imprisonment to be followed by a five-year term of supervised release.

Blanchard then withdrew as counsel and George Frazier assumed representation. Smith appealed arguing several sentencing issues, all of which the Fifth Circuit rejected in an unpublished decision filed January 12, 2009.[1] Smith did not apply for a *writ of certiorari*. Judgment became final April 13, 2009. This § 2255 motion, filed within a year of that date, is timely.

---

[1]   *United States v. Smith*, 306 F. App'x. 185 (5th Cir. 2009).

## FACTS[2]

On September 10, 2005, a Calcasieu Parish uniformed deputy was patrolling a high-crime area near the Booker T. Washington housing project in Lake Charles, Louisiana, at approximately 1:45 a.m.  The deputy observed the defendant standing around and believed that this was suspicious behavior for this hour of the morning.  The deputy further believed that the clothing Smith was wearing matched the description of a person who had run from police earlier in the shift.  The deputy stopped his marked  unit to inquire about the defendant's identity and to ascertain what he was doing out at that hour.  The deputy exited his vehicle and instructed the defendant to approach.  Smith refused and fled on foot.

The deputy gave chase.  When Smith ran to a chainlink fence in the back yard of a residence, the deputy was within approximately six feet of Smith when he produced a .22 caliber revolver, turned, and shot the firearm as he attempted to flee.  After a brief struggle, the deputy arrested Smith and in the process, the handgun fell to the ground.

At the time of this altercation, Smith was on parole as a result of a prior conviction for possession of cocaine.  A search, incident to arrest, revealed six rocks of crack cocaine totaling 1.47 grams.  The firearm was manufactured outside the State of Louisiana prior to coming into Smith's possession.

The defendant pleaded guilty to Count 3 of the Indictment.  Smith acknowledged having committed the offense charged in Count 1 in the Stipulated Factual Basis for Count 3.  He also acknowledged possessing approximately 1.47 grams of cocaine base and the he had a prior

---

[2] The facts are taken from the Stipulated Factual Basis for Guilty Plea signed by the defendant, his counsel, and Government counsel on July 16, 2007.

conviction for possession of cocaine.

Law and Analysis

The only issues cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues, and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice."[3]

Collateral review is fundamentally different from and may not replace a direct appeal.[4] Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."[5]

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice.[6] Such a miscarriage of justice would result if the error caused the defendant to be convicted

---

[3] *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

[4] *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) *(en banc).*

[5] *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) ( citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995).

[6] *Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S. Ct. 1604, 1610-1611, 140 L.Ed.2d 828 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991).

4

of a crime of which he is innocent.[7]

A criminal defendant who fails to raise an available issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice.[8] A prisoner who collaterally attacks his conviction can establish cause for his procedural default "if he can show that some objective factor external to the defense impeded counsel's efforts to comply with the ... procedural rule or that his attorney's performance failed to meet the [ *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] standard for effective assistance of counsel."[9] A showing of a fundamental miscarriage of justice can be shown if a prisoner can establish actual innocence.[10] To do so, the prisoner must demonstrate that, "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him."[11]

Addressing collateral attacks in cases where a defendant entered a guilty plea, the Court in *Bousley v. United States,*[12] held that "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally

---

[7] *Shaid,* 937 F.2d at 232; *United States v. Williams,* No. 05-30014-01, 2008 WL 5532099, *2 (W.D.La. 12/04/2008).

[8] *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1994).

[9] *Reece v. United States,* 119 F.3d 1462, 1465 (11th Cir. 1997)(internal quotations omitted).

[10] *Id.* at 1465 n.5.

[11] *Jones v. United States,* 153 F.3d 1305, 1308 (11th Cir. 1998) (internal quotations and citations omitted).

[12] 523 U.S. 614, 621, 118 S.Ct. 1604, 1610 (U.S. 1998).

attacked."[13]  The voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and "will not be allowed to do service for an appeal."[14] Indeed, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas."[15]

Smith argues ineffective assistance of counsel in his §2255 motion. A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant.[16] This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.[17]

Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*.[18] The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial.[19]  One way to satisfy the deficiency prong of the *Strickland* test is for

---

[13] *Mabry v. Johnson,* 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-47, 81 L.Ed.2d 437 (1984) (footnote omitted).

[14] *Reed v. Farley,* 512 U.S. 339, 354, 114 S. Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) (quoting *Sunal v. Large,* 332 U.S. 174, 178, 67 S. Ct. 1588, 1590-1591, 91 L.Ed. 1982 (1947)).

[15] *United States v. Timmreck,* 441 U.S. 780, 784, 99 S. Ct. 2085, 2087, 60 L.Ed.2d 634 (1979).

[16] *United States v. Smallwood,* 920 F.2d 1231, 1240 (5th Cir. 1991).

[17] . *United States v. Glinsey* 209 F.3d 386, 392 ( 5th Cir. 2000).

[18] 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).

[19] *Uresti v. Lynaugh,* 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland,* 466 U.S. at  687, 104 S. Ct. at 2064); *United States v. Gibson,* 985 F.2d 212, 215 (5th Cir. 1993). The burden that *Strickland* poses on a defendant is severe. *Proctor v. Butler,* 831 F.2d 1251, 1255

the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.[20]  Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second-guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.' "[21]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[22]  Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine such confidence in the outcome.[23]   If the plea was voluntary, there is no prejudice.[24]  The defendant asserts that his counsel prior to and at the guilty plea was ineffective in several respects.  Smith alleges that his counsel did not properly advise him that the government had failed to file a notice of enhancement of the defendant's sentence pursuant to 21 U.S.C. § 851.  He

---

(5th Cir. 1987).

[20]  *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S. Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

[21]  *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S. Ct. 873, 93 L.Ed.2d 827 (1987)).

[22]   *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067.

[23]   *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

[24]   *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir., 1994).

further claims that he would not have pleaded guilty, but would have insisted on a trial had he known that acceptance of responsibility does not apply to § 924(c) offenses and that the nature, circumstances and seriousness of the discharge of the firearm could be taken into account when formulating the sentence. Smith asserts that he would have prevailed on appeal had his appellate attorney argued that his previous attorneys were ineffective for failing to object to the Government's failure to file a § 851 notice.

The transcript of the defendant's guilty plea indicates that he understood the charges against him. The transcript of the plea hearing, as well as the documents signed by Smith, indicate that the plea was voluntary.[25] The defendant has introduced no evidence to the contrary.

The defendant mistakenly believes that Count 1 charged only a misdemeanor, not a felony, therefore Count 1, according to Smith, was not a "drug trafficking offense" as defined in 18 U.S.C. § 924(c)(2). The sentence for Count 1 ranges from 15 to two years, therefore the offense charged in Count 1 is a felony. The defendant's prior conviction in the Fourteenth Judicial Court occurred on June 19, 2002, and serves as the prior state drug offense that resulted in the second offense possession charged in Count 1, the possession of 1.47 grams of cocaine base. Because the offense of second possession of a controlled substance pursuant to 21 U.S.C. § 844(a) is a felony and punishable under the Controlled Substances Act, it meets the definition under 18 U.S.C. § 924(c)(2).

The defendant argues that his counsel was ineffective for failing to object to the Government's failure to file the notice required by § 851 (c). § 851 notice is not required in the charging of an offense in violation of 18 U.S.C. § 924(c)(1)(A)(iii). § 851 notice is required when a prior conviction is a sentencing enhancement, not when the prior conviction is a predicate offense

---

[25] Transcript of Guilty Plea, pp. 4-8, 10-12.

which must be proven as an element of the offense.[26] Smith admitted to the prior conviction in the Fourteen Judicial District Court which gives rise to the felony charge in Count 1. The Government asserts that these offenses together form the predicate felony offense constituting the drug trafficking crime during and in relation to the event when he used, carried and discharged the firearm.

Smith was properly charged with a felony in Count 1, not a misdemeanor as argued.[27] Count 1 serves as a valid predicate offense for conviction of the offense of using, carrying, and discharging a firearm during and in relation to a drug trafficking crime in violation of §924(c)(1)(A)(iii) as charged in Count 3. There was no requirement that the Government file a §851 notice, therefore it cannot be ineffective assistance to fail to object to the notice not being filed. There was no valid basis for Smith's attorney to object or to seek a dismissal of Count 3 as being unsupported by a felony drug trafficking crime.

Smith further alleges that his counsel was ineffective for properly failing to advise him that his guidelines sentencing range, if he were convicted of all counts at trial, would be 141 to 147 months and that if he pleaded guilty, his guideline range would be 132 to 138 months. He alleges that his attorney mistakenly advised him that the guilty plea to Count 3 would result in a guideline range of 120 months minimum. Smith alleges that his counsel failed to inform him that he could not

_____

[26] No notice was required to use prior convictions to enhance a sentence because 21 U.S.C. § 851 does not apply to sentencing enhancements. *United States v. Padgett*, 233 Fed.App'x. 223, 230, 2007 WL 1423761, 6 (4th Cir. 2007).

[27] The offense charged in Count 1 is a "drug trafficking crime" as defined in 18 U.S.C. § 924(c)(2) because it is a charge of simple possession of drugs after "a prior conviction for any drug... offense chargeable under the law of any state, has become final..." and mandates a sentence of 15 days to 2 years. It is a felony because it provides for a sentence of more than one year. It is a drug trafficking crime because it is a felony "punishable under the Controlled Substances Act", i.e. a second offense pursuant to 21 U.S.C. § 844(a).

9

get acceptance of responsibility for the § 924(c) offense.

Smith filed a direct appeal asserting numerous sentencing issues.  These issues were all rejected by the Fifth Circuit.  Smith has failed to establish cause for his failure to allege these additional guidelines issues in his direct appeal.

Accordingly, for the reasons stated herein, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this _____ day of  May, 2010.



PATRICIA MINALDI
UNITED   STATES   DISTRICT   JUDGE